**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all others similarly situated, | : :  Civil File No. |
| Plaintiff, | : :  2:24-cv-04116 |
| v. | : : **MOTION FOR ALTERNATIVE** |
| SUTTON FUNDING NY INC. | : **SERVICE** : |
| and | : : |
| HENRY GROSS | : : |
| Defendants. | |

Plaintiff Asher Bronstin requests leave to effect service on Defendants Sutton Funding NY Inc. and Henry Gross, by multiple alternative means articulated herein which will be reasonably calculated to give Defendants notice of the proceeding against them.

## Background

Plaintiff commenced this action on June 10, 2024, and filed an Amended Complaint in the action on July 10, 2024. Almost immediately thereafter, counsel for Plaintiff attempted to serve the Defendants via various addresses as indicated by the Secretary of State, as well as numerous public skiptracing databases and the national change of address database. Those efforts proved fruitless. Not to be deterred, counsel attempted to seek forwarding information from the Defendant's prior landlord and received no response. Counsel also located Defendant Gross's mother in Massachusetts, who stated that he does not live with her and refused to answer any further questioning as to Mr. Gross's whereabouts. This motion follows.

**Legal Standard**

Federal Rule of Civil Procedure 4(e) governs the service of individuals like Gross, and Rule 4(h) governs the service of corporations like Sutton Funding, which Gross owns. In pertinent part, the Rules provide a corporation may be served in the same manner as an individual, which includes personal service, service at one's home or registered agent, or by following state law. FED. R. CIV. P. 4(e)(1). Relevant state law, The New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") permits service "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." N.Y. C.P.L.R. § 308(5). Paragraph one permits personal service. *Id.* § 308(1). Paragraph two permits service upon the individual's place of business, dwelling place, or usual pace of abode. *Id.* § 308(2). Finally, section four permits so-called "nail and mail" service upon the individual's residence. *Id.* § 308(4).

Although the impracticability standard is not capable of easy definition, [a] showing of impracticability under CPLR § 308(5) does not require proof of actual prior attempts to serve a party under the methods outlined pursuant to subdivisions (1), (2) or (4) of CPLR 308." *Safadjou v. Mohammadi*, 105 A.D.3d 1423, 1424, 964 N.Y.S.2d 801, 802 (4th Dep't 2013) (cleaned up). "The meaning of impracticable will depend upon the facts and circumstances of the particular case." *Id.* Finally, in order to satisfy due process, any alternative means of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**Argument**

Traditional methods of serving Defendants are impracticable under the circumstances presented here because the current whereabouts of Defendants are unknown. Unlike the typical scenario presented in a motion like this one, where the Defendant's whereabouts is known but the Defendant is otherwise being evasive, here the Defendant's whereabouts is not known and has not been ascertainable since at least February of this year. Because, despite diligent efforts, Gross's whereabouts remain unknown, it remains impossible to serve him personally or at his usual place of business or residence. According, Plaintiff should be permitted to serve Gross by service to him and his company through his mother, by iMessage message with an attachment containing the Summons and Complaint, and via email to the addresses identified to be his.

For the Court's edification, counsel for Plaintiff outlines the respective efforts to serve Mr. Gross and his company, as more fully articulated in the Affidavit of Nonservice filed in this case.

As a preliminary matter, Sutton Funding, NY, Inc., is a past-due entity with the New York Department of State. Therefore, the Secretary of State of New York will not accept service of process upon it as agent, as the entity is past due. Moreover, the address for service of process reflected in the Secretary of State's records has been taken over by a new tenant and is no longer the office address for Defendant Sutton Funding.

Therefore, the only way to serve Defendant Sutton Funding is to serve its owner, Henry Gross personally, in addition to serving Henry Gross himself as the Defendant either personally or at his office or usual place of abode. To that end, counsel for Plaintiff undertook records searches through national skiptracing databases, including LexisNexis and TLOXp by TransUnion, to ascertain Mr. Gross's whereabouts. Those searches revealed two addresses of

promise: 157 East 81st Street, Apartment 4C, New York, NY 10028 and 400 East 59th Street, Apartment 8C, New York, NY 10022. The databases listed the former address as the most recent address on file. However, Plaintiff's process server was able to ascertain that Mr. Gross moved out of the former address in February of this year by speaking to the current tenant. The process server was also able to ascertain that Mr. Gross moved out of the latter address three years ago.

Accordingly, counsel for Plaintiff then queried the US Postal Service's National Change of Address database in an attempt to seek a more recent address than the 157 East 81st Street address. Those records revealed that Mr. Gross did not leave a forwarding address for either address, and has not used the USPS's NCOA service since 2014, when he registered the 400 East 59th Street address as a new address. Thus, the Defendant appears to have lived at the 400 East 59th Street address from 2014 to 2021, when he moved to 157 East 81st Street address, and moved out from that address in February of this year without so much as leaving a forwarding name or address with the Postal Service or his landlord. Additionally, counsel for Plaintiff spoke twice with the landlord of the 157 East 81st Street address, who confirmed that Mr. Gross had moved out of the building, but did not leave a forwarding name or address.

Still undeterred, counsel for Plaintiff suspected that the Plaintiff may be living with his mother in Massachusetts. Therefore, he sent a process server to the mother's address at 22 Tody Bole Ln, Harwich, MA 02645. She stated that "Henry does not live at this address and would not give additional information." Counsel for Plaintiff thereafter called Gross's mother twice to ascertain his whereabouts, but the calls went to voicemail twice and were not returned.

Service upon Gross via email and iMessage, and upon his mother personally, are reasonably calculated to apprise Gross and Sutton Funding of this action. Most parents are familiar with and keep in contact with their children, and based upon Mrs. Gross'

4

representations, she is likewise aware of Mr. Gross' whereabouts but refuses to divulge them. Through this alternative means of service, coupled with email and iMessage message service, copies of the Summons and Complaint would be served upon Gross.

Service upon Gross's mother, alone, is in itself an acceptable alternative method of service because that generally comports with due process. *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 366 (E.D.N.Y. 2016). Courts in New York have routinely allowed for service to be effected by delivering the summons and complaint to a relative of the defendant. *S.E.C. v. Nnebe*, No. 01 Civ. 5247(KMW)KNF, 2003 WL 402377, at *4 (S.D.N.Y. Feb. 21, 2003) (finding that serving the summons and amended complaint to relatives of the defendant was appropriate); *Leab v. Streit*, 584 F.Supp. 748, 763 (S.D.N.Y. 1984) (permitting service by delivery of the summons and complaint to the defendants' parents and grandmother); *Deason v. Deason*, 73 Misc.2d 964, 966, 343 N.Y.S.2d 276 (Sup.Ct. Albany Cty. 1973) (finding that "service of the summons by mailing to the addresses of a defendant's relatives satisfies the demands of procedural due process . . . where a plaintiff has demonstrated that he or she has exhausted all reasonable possibilities of serving the summons personally").

Plaintiff further proposes to bolster alternative service here by iMessaging Mr. Gross the Summons and Complaint as an attachment at his telephone number (774) 208-8118. Counsel for Plaintiff has queried the database of iconectiv, the company charged by the Federal Communications Commission to administer the Number Portability Administration Center, which is the master database which lists which telephone provider services a particular number, among other information required to route telephone calls to the proper provider. Searching the above-described telephone number in this database reveals that it is an iPhone registered since at least August 4, 2009 with AT&T in the name of Henry Gross. The aforementioned telephone

number also appears on the aforementioned LexisNexis and TLOXp reports as the primary cell phone number for the Defendant. Accordingly, service upon Gross by iMessage is reasonably calculated to give Gross notice, given that telephone company records reveal he uses the iMessage service on his iPhone. *See, e.g., FNTV, LLC v. Starnes Media Grp. LLC*, 22-CV-4042, 2023 WL 7000848, at *1 (E.D.N.Y. August 10, 2023) (granting default judgment after agreeing to alternate service on defendant, an active social media user, by "email, Facebook, Twitter, and Instagram").

Furthermore, Plaintiff also proposes to email a copy of the Summons and Complaint to info@suttonfunding.com, the email address that appears on Defendant's website, as well as henry@suttonfunding.com, the Defendant's personal email address at Sutton Funding used for Sutton Funding's business. Like social media account, courts in New York have allowed alternate service via email when a defendant is likely to receive the email because they actively post or otherwise advertise about it. *See, e.g., Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (authorizing email service where email was displayed on company website and thus was likely to receive notice).

**Conclusion**

For the foregoing reasons, the Court should permit Plaintiff to make alternative service of the Summons and Complaint through the methods indicated.

Respectfully submitted,
*/s/ Anthony Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com
*Pro Hac Vice*

*Attorney for Plaintiff and proposed class*

6