UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

ASHER BRONSTIN, individually and on behalf of all others similarly situated,

Plaintiff,

**ORDER**
24-CV-4116(SIL)

-against-

SUTTON FUNDING NY INC. and HENRY GROSS,

Defendants.

--------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court is Plaintiff Asher Bronstin's ("Plaintiff" or "Bronstin") motion for alternative service on Defendants Sutton Funding NY Inc. ("Sutton Funding") and Henry Gross ("Gross," and together, "Defendants") pursuant to Rule 4 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Docket Entry ("DE") [14]. Plaintiff claims that, "despite diligent efforts, Gross's whereabouts remain unknown," and it is "impossible to serve him personally or at his usual place of business or residence." *See* Motion for Alternative Service ("Pl.'s Mot."), DE [14], at 3. Accordingly, Bronstin seeks to effectuate service upon Defendants by sending Gross a copy of the Summons and Complaint via email and iMessage, as well as personally serving Gross's mother. *Id.* at 4. For the reasons set forth herein, Plaintiff's motion is denied at this time.

Plaintiff claims that he attempted to serve Defendants "via various addresses as indicated by the Secretary of State, as well as numerous public skiptracing databases and the national change of address database." *Id.* at 1. These resources

identified two New York addresses of promise: (1) 157 East 81st Street, Apartment 4C; and (2) 400 East 59th Street, Apartment 8C. *Id.* at 4. On July 22, 2024, a process server attempted to serve Gross at the East 81st Street address but the current tenant informed him that Gross had moved out in February 2024. DE [13]. On August 28, 2024, a process server attempted to serve Gross at the 59th Street address but the building's doorman informed him that Gross had moved out three years prior. DE [12]. Plaintiff has been unable to identify a forwarding address for Gross. Pl.'s Mot. at 4.

Additionally, on September 6, 2024, a process server attempted to serve Gross at his mother's house in Harwich, Massachusetts. DE [12]. Gross's mother stated that Gross did not live at that address and refused to provide information as to his whereabouts. *Id.* Plaintiff claims that he made two subsequent calls to Gross's mother, which went to voicemail and were not returned. Pl.'s Mot. at 4. Conspicuously absent from the motion is any information as to whether the mother and Gross are in contact. Given his alleged difficulty in locating Gross, Plaintiff seeks leave to effectuate service by personally serving Gross's mother and by sending a copy of the Summons and Complaint to Gross via email and iMessage. *Id.* at 3.

## I. LEGAL STANDARD

Fed. R. Civ. P. 4(e) "provides for service of process on an individual according to the laws of the state where the district court is located." *Corson v. Power Moves, Inc.*, No. 19 Civ. 8847, 2020 WL 3318099, at *1 (S.D.N.Y. June 18, 2020) (citing Fed. R. Civ. P. 4(e)). In New York, service may traditionally be made "by personal delivery;

substitute service and mailing; service to an agent; and service by affixing to the door followed by mailing." *Id.* (citing N.Y. C.P.L.R. §§ 308(1)-(4)). When traditional methods of service prove "impracticable," service may be made "in such a manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. § 308(5). Whether service is impracticable "depends on the facts and circumstances of a particular case." *Rampersad v. Deutsche Bank Sec., Inc.*, No. 02 Civ. 7311, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003). Ultimately, "due process requires that the method of service be 'reasonably calculated, under all the circumstances, to apprise' the defendant of the action." *Corson*, 2020 WL 3318099, at *1 (quoting *Safadjou v. Mohammadi*, 964 N.Y.S.2d 801, 802 (App. Div. 4th Dep't 2013)).[1]

## II. DISCUSSION

As an initial matter, Plaintiff's motion does not comply with Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), which requires that all motions contain: (1) a notice of motion, (2) a memorandum of law, and (3) supporting affidavits containing any facts and parts of the record necessary for the decision of the motion. Local R. 7.1(a). Plaintiff has not submitted a notice of motion or affidavit in support of his motion. DE [14]. Here, the absence of an affidavit is particularly significant,

[1] Plaintiff asserts that, as a past-due entity, the Secretary of State will not accept service on behalf of Sutton Funding. Pl.'s Mot. at 3. However, as Fed. R. Civ. P. 4(h)(1) allows for service of a corporation in the manner prescribed for serving an individual or by serving an officer, managing or general agent, or any other authorized agent of the Corporation – such as Gross in this matter – the Court will analyze service on Gross and Sutton Funding simultaneously.

as the Court is left to rely upon Plaintiff's counsel's unsubstantiated representations concerning his attempts to locate Gross contained in the memorandum of law.

With respect to the relief sought, Plaintiff fails to establish that his proposed manner of alternative service is reasonably calculated to apprise Defendants of this action. First, Plaintiff's reliance upon *Ferrarese v. Shaw*, 164 F. Supp. 3d 361 (E.D.N.Y. 2016) in support of his assertion that "[s]ervice upon Gross's mother, alone, is in itself an acceptable alternative method of service because that generally comports with due process," *see* Pl.'s Mot. at 5, is an inaccurate representation of the Court's holding in that case. In *Ferrarese*, the Court allowed service by email and Facebook, while also requiring that the plaintiff serve the defendant by certified mail and by service upon the defendant's sister. 164 F. Supp. 3d at 367-68. Thus, serving the defendant's sister was only one of four required manners of service to ensure proper notice. *Id.* Therefore, service upon a family member alone does not automatically comport with due process.

In any event, the Court is unpersuaded by Plaintiff's assertion that Gross's mother is likely aware of Gross's location simply because "[m]ost parents are familiar with and keep in contact with their children." *See* Pl.'s Mot. at 4-5. Gross's mother told the process server that Gross did not live with her, and Plaintiff has neither offered evidence to the contrary nor otherwise demonstrated that service upon Gross's mother would be likely to apprise Gross of this action. DE [12]. To that end, other cases that Plaintiff cites regarding service upon a family member involve a stronger likelihood that service upon a family member would provide adequate notice to the

defendant. For example, in *S.E.C. v. Nnebe*, No. 01 Civ. 5247, 2003 WL 402377, at *1 (S.D.N.Y. Feb. 21, 2003), the Court permitted service upon the defendant's brother where the defendant had previously testified under oath that he lived with that brother, while also requiring that the summons be published in a newspaper. Likewise, in *Leab v. Streit*, 584 F. Supp. 748, 763 (S.D.N.Y. 1984), the Court allowed for service on an attorney who had appeared in that specific matter as well as two known family members. As the only facts before the Court reflect that Gross's mother stated that Gross did not live with her, and because Gross has not provided any plausible basis to believe otherwise, including that Gross and his mother have any contact, service upon Gross's mother would not comport with due process.

The Court is similarly unpersuaded that sending a copy of the Summons and Complaint via iMessage to (774) 208-8118 and via email to info@suttonfunding.com and henry@suttonfunding.com tips the scale in favor of allowing for Plaintiff's proposed manner of alternative service. Although Plaintiff asserts that he searched the iconectiv database and determined that the iMessage number identified has been registered to an individual named Henry Gross since at least August 4, 2009, *see* Pl.'s Mot. at 5, Plaintiff does not describe the manner or results of his search or provide any support that would establish that the number in question belongs to the Henry Gross in this matter. Likewise, although Plaintiff asserts that service by email is appropriate "when a defendant is likely to receive the email because they actively post or otherwise advertise about it," *id.* at 6, he again offers no substantiation that this applies to Gross, or that Gross uses these email addresses. While it may

ultimately be true that these accounts belong to Gross and that he uses them to communicate, Plaintiff's noncompliance with Local Rule 7.1 makes it impossible for the Court to conclude that a text message and an email would be likely to provide adequate notice to Gross.

Finally, it bears noting that Plaintiff has made no effort whatsoever to serve Gross or Sutton Funding at Sutton Funding's business address. DE [12], [13]. Even a cursory review of the Sutton Funding website reveals a presumably current business address. *See* Sutton Funding Home Page, https://suttonfunding.com (last accessed Nov. 12, 2024). Plaintiff acknowledges that he visited Sutton Funding's website to retrieve the email addresses listed above, *see* Pl.' Mot. at 6, but he has made no effort to serve Defendants at the business address listed on the website. DE [12], [13]. Accordingly, Plaintiff's claim that it is "impossible to serve [Gross] personally or at his usual place of business or residence," *id.* at 3, rings hollow, as he has not even attempted to effectuate service at a readily available business address.

Although N.Y. C.P.L.R. § 308(5) does not require a showing of diligence to establish impracticability, *see Kelly v. Lewis*, 220 A.D.2d 485, 485, 632 N.Y.S.2d 186, 186 (App. Div. 2d Dep't 1995), the determination of whether to permit alternative service does depend on the facts and circumstances of the particular case. *Rampersad*, 2003 WL 21073951, at *1; *Markoff v. S. Nassau Cmty. Hosp.*, 91 A.D.2d 1064, 1065, 458 N.Y.S.2d 672, 673 (App. Div. 2d Dep't 1983) (holding that a plaintiff seeking to effect alternative service "must make some showing that the other prescribed methods of service could not be made"). Considering the deficiencies

identified herein, Plaintiff has not demonstrated that alternative service is appropriate at this time or that his proposed manner of alternative service is reasonably calculated to provide Defendants with adequate notice.

## III. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for alternative service is denied at this time.

Dated: Central Islip, New York
November 13, 2024

**ORDERED**

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge